United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 29, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 19-32130** |
| **BORIS TWAIN CLEWIS,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **ALLISON BYMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3020** |
| | § | |
| **DAN INVESTMENTS, LLC, JOSHUA** | § | |
| **PAYNE, and BORIS TWAIN CLEWIS,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION & ORDER
*Resolving ECF Nos. 47, 51, 52 and 57*

Pending before the Court are three matters self-styled as (1) "Dan Investments LLC's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To FRCP 12 (b)1"[1] ("*Motion to Dismiss*") filed by DAN Investments, LLC ("*DAN*") on July 12, 2024; (2) "Dan Investments LLC's Supplemental Motion To Dismiss For Lack Of Subject Matter Jurisdiction"[2] ("*Supplemental Motion to Dismiss*") filed by Dan Investments, LLC on July 30, 2024 and (3) "Third-Party Defendant First National Title Insurance Company's ("*First National*") Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)" ("*Motion to Dismiss*"), filed by First National on August 19, 2024.[3]

Without the need of a hearing, Defendant's Motion to Dismiss and Supplemental Motion to Dismiss are denied. First National's Motion to Dismiss is granted in part and denied in part.

### I.    JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11."[4] "An adversary proceeding falls within the court's 'related to' jurisdiction if the 'outcome of that proceeding could *conceivably* have any effect on the estate

---

[1] ECF No. 51.
[2] ECF No. 52.
[3] ECF No. 57.
[4] 28 U.S.C. § 1334(a).

being administered in bankruptcy.'"[5] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[6] Furthermore, this Court may only hear a case in which venue is proper.[7] Pursuant to § 1409(a), "a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending."[8] Debtor's underlying Chapter 7 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.[9]

This Court must evaluate whether it has constitutional authority to enter a final judgment in this case. In *Stern v. Marshall*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[10] However, *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because the Motions to Dismiss do not end this litigation on the merits.[11] Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[12] Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motions.

## II.   ANALYSIS

### A. Standard of Review for Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1),[13] this Court must dismiss the complaint if it finds that it lacks subject matter jurisdiction to hear the dispute.[14] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[15]

---

[5] *Trevino v. HSBC Mortgage Servs.* (*In re Trevino*), 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987)) (emphasis in original).

[6] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[7] 28 U.S.C. § 1408.

[8] 28 U.S.C. § 1409(a).

[9] Citations to Debtors' Bankruptcy case, 19-32130, shall take the form "Bankr. ECF No. —." Bankr. ECF No. 133.

[10] 564 U.S. 462, 503 (2011).

[11] *In re Pickle*, 149 F.3d 1174 (5th Cir. 1998).

[12] *In re Noram Res., Inc.*, No. 08-38222, 2011 WL 6936361, at *1 (Bankr. S.D. Tex. Dec. 30, 2011).

[13] Federal Rule of Bankruptcy Procedure 7012 provides that Federal Rule of Civil Procedure 12 applies in adversary proceedings. FED. R. BANKR. P. 7012(b).

[14] The Court notes that it has the jurisdiction to determine whether it has subject matter jurisdiction over the dispute at bar. *See Henry v. United States*, 277 Fed. App'x. 429, 434 n.11 (5th Cir. 2008) ("A court always has jurisdiction to consider its jurisdiction . . . .") (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute)); *Trevino v. Michelin N. Am., Inc.*, 2006 WL 778609, at *8 (S.D. Tex. Mar. 23, 2006) ("The court has the authority to pass upon its own jurisdiction . . . .") (quoting *Chicot County Drainage Dist.*, 308 U.S. at 376).

[15] *Champions Truck & Equip. Inc. v. Patterson*, 2008 WL 2810608, at *1–2 (S.D. Tex. July 21, 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

A motion to dismiss under Rule 12(b)(1) may be characterized as either facial or factual.[16] A facial attack is based solely upon the complaint itself, whereas a factual attack challenges the existence of the subject matter jurisdiction in fact, using matters outside the pleadings such as testimony and affidavits.[17] Although it is not expressly stated, it is apparent that DAN's Motion to Dismiss and Supplemental Motion to Dismiss raise a factual attack since they are not based solely upon the Complaint and refer to documents outside the pleadings.[18] In considering a factual attack brought pursuant to Rule 12(b)(1), the Fifth Circuit quoted the following language with approval:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.[19]

This Court "consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts."[20] Lastly, the burden of proof is on the party asserting that subject matter jurisdiction exists—which here is DAN.[21]

### 1. DAN's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)

DAN asserts that the 13100 Cullen Blvd Houston, Harris County, Texas property (the "*Cullen Property*") was owned by Donald Jernigan, deceased, (and by his heirs, by succession, Donald Ray Jernigan Jr. and Tilishia Jernigan) and not by Boris Twain Clewis (the "*Debtor*").[22] Allison D. Byman, Chapter 7 trustee of the bankruptcy estate of Boris Twain Clewis (the "*Trustee*"), pleads three causes of action in its Amended Complaint, to wit: (1) Recovery of Post-Petition Transfer against all Defendants pursuant 11 U.S.C. § 549; (2) Turnover pursuant to 11 U.S.C. § 542 against DAN and the Debtor; and (3) Conspiracy to Commit Fraudulent Transfer against the Debtor and Payne ("*Trustee's Claims for Relief*").[23]

DAN moves to dismiss Trustee's Claims by asserting that the Cullen Property is not property of the estate, a determinative element of each of the Trustee's Claims.[24] The Supreme Court has cautioned against such attempts at "drive-by jurisdictional rulings."[25] This is not a jurisdictional issue for the Court to determine: if a defendant wants to challenge alleged

---

[16] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
[17] *Id.*
[18] *See* ECF No. 51, 51-1–8; ECF No. 52, 52-9–10.
[19] *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).
[20] *Id.* at 413.
[21] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[22] ECF No. 51 at 8.
[23] ECF No. 1.
[24] ECF No. 51 at 8; ECF No.1 at 7–8.
[25] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

deficiencies in the cause of action, such challenges "should normally be addressed by a motion under rules challenging the sufficiency of the complaint or the evidence pleaded to support the complaint, such as authorized by Rules 12(b)(6), 12(c), or 56."[26]

Under § 541, "all legal or equitable interests of the debtor in property" become property of the bankruptcy estate.[27] This description is all-encompassing, and Congress intended for it to include state law claims and causes of action.[28]  Even if the Court were to move past this threshold inquiry, it is clear that the Debtor claimed an interest in the Cullen Property and he transferred that interest after the Petition Date, without Court approval.[29] Specifically, the Debtor signed a general warranty deed transferring his interest in the Cullen Property to DAN.[30]

As such, having carefully reviewed Trustee's Complaint, and the Motion to Dismiss and the Supplemental Motion to Dismiss, the Court finds that Debtor's motion and supplement pursuant to Federal Rule of Civ. P. 12(b)(1) should be denied.

## B. Standard of Review for Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles. First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[31] "[A] formulaic recitation of the elements of a cause of action will not do."[32] Specifics are unnecessary, but some facts must support each element.[33] Second, the complaint must state a claim "plausible on its face,"[34] meaning the plaintiff's right to relief must rise above a "speculative level."[35] Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[36] In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[37] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[38] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[39]

---

[26] *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448,452 (4th Cir. 2012).
[27] 11 U.S.C. § 541(a)(1).
[28] *See In re MortgageAmerica Corp.*, 714 F.2d 1266, 1274 (5th Cir.1983).
[29] *See* ECF No. 1 at 7.
[30] *Id.*
[31] *See* FED. R. CIV. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008).
[32] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
[34] *Twombly*, 550 U.S. at 570.
[35] *Id.* at 555.
[36] FED. R. CIV. P. 8(a).
[37] 556 U.S. at 679 (quoting Rule 8(a)(2)).
[38] *Id.* at 678.
[39] *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).

Motions to dismiss are disfavored and thus, rarely granted.[40] When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff.[41] This Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[42] When considering a motion to dismiss under Rule 12(b)(6), the Court must assess the legal feasibility of the complaint, not weigh the evidence that might be offered in its support.[43] The Court's consideration "is limited to facts stated on the face of the complaint and in the documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken."[44] And although this Court "will not strain to find inferences favorable to the plaintiff[],"[45] the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist."[46] To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.

Fraud claims must, in addition, meet Rule 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[47] "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[48] Because one of Trustee's Claims for Relief  alleges a conspiracy to commit a fraudulent transfer, Trustee's Complaint must comport with Rule 9(b), applicable through Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 7009. As such, Plaintiffs' Complaint must set forth the facts with sufficient particularity to apprise the Defendant fairly of the charges made against him.[49]

Normally, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings, and must "accept[] as true those well-pleaded factual allegations in the complaint."[50] In addition to facts alleged in the pleadings, however, the Court "may also consider matters of which [it] may take judicial notice."[51] Additionally, "it is clearly proper in deciding

---

[40] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[41] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

[42] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).

[43] *Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir. 1999).

[44] *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

[45] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

[46] *See Harris v. Fidelity Nat'l Info. Serv (In re Harris)*, Nos. 03-44826, 08-3014, 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *to Walker v. South Cent. Bell Tel. Co*., 904 F2d 275, 277 (5th Cir. 1990)).

[47] FED. R. CIV. P. 9(b). *See Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 195 (5th Cir.1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.,* 1996 WL 97549, at *3 (5th Cir.1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations).

[48] *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 551 (5th Cir.2010) (quoting *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir.2002)).

[49] FED. R. CIV. P. 9(b).

[50] *Hall v. Hodgkins,* 305 F. App'x. 224, 227–28 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994); *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[51] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *see* FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

a 12(b)(6) motion to take judicial notice of matters of public record."[52]  Furthermore, pursuant to Rule 10(c), exhibits attached to a complaint are part of the complaint for all purposes. It is proper for a Court to consider the exhibits as part of the complaint for purposes of a Rule 12(b)(6) motion.[53]

1.   **First National's Motion to Dismiss against Trustee**

First National asserts that the Trustee's Complaint should be dismissed pursuant to Rule 12(b)(6) on the sole grounds that the Trustee's Complaint and deed records referenced therein fail to show that the Debtor had any interest in the Cullen Property at the time of his bankruptcy filing,[54] which is a determinative element of each of the Trustee's Claims.[55] Thus, Trustee's Complaint will survive as long as the Trustee's Complaint demonstrates that the Debtor had an interest in the Cullen Property at the time the Cullen Property was transferred to DAN.

The Trustee's Complaint describes a chain of title regarding the Cullen Property along with deed records references.[56] In 1990, Donald Jernigan purchased the Cullen Property from Camp Peniel, Inc ("*Camp Peniel*").[57] Donald Jernigan executed a promissory note (the "*Note*") payable to the order of Camp Peniel which was secured by a deed of trust created for the benefit of Camp Peniel (the "*Deed of Trust*").[58]  Camp Peniel conveyed to Donald Jernigan a general warranty deed with a vendor's lien (the "*Vendor's Lien*").[59] In 1996, Camp Peniel assigned the Note, Vendor's Lien, and Deed of Trust to Redell Clewis, the Debtor's father.[60] In 1999, Redell Clewis, through a power of attorney, recorded and delivered to the Debtor, as a gift, a deed for the Cullen Property (the "*Gift Deed*").[61]

First National asserts that because there is a gap in the chain of title between Donald Jernigan and Redell Clewis, the Debtor did not acquire any interest in the Cullen Property as a result of the Gift Deed from Redell Clewis.[62] First National notes that although Redell Clewis transferred the Vendor's Lien and Deed of Trust to the Debtor through this Gift Deed, the Vendor's Lien nor the Deed of Trust fill the gap in the chain of title.[63]

First National asserts that any rights that the Debtor had under the Deed of Trust and the Vendor's lien became void well before the commencement of the bankruptcy case.[64] Texas is a "lien theory" state, and under this theory the mortgagee is not the owner of the property and is not

---

[52] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see also Cinel*, 15 F.3d at 1343 n. 6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").
[53] *United States ex rel. Riley v. St. Lukes Episcopal Hosp.*, 355 F. 3d 370, 376 (5th Cir. 2004).
[54] ECF No. 57 at 2.
[55] ECF No. 51 at 8; ECF No.1 at 7–8.
[56] ECF No. 1.
[57] *Id.* at 3.
[58] *Id.* at 3–4.
[59] *Id.* at 4.
[60] *Id.*
[61] *Id.*
[62] ECF No. 57. at 8–9.
[63] *Id.* at 8–11.
[64] *Id.* at 10.

entitled to its possession, rentals, or profits absent an express agreement.[65] In the case of a vendor's lien, the vendee only has an equitable right to acquire title to the property by suing to recover title and possession of the property upon default.[66] Under Texas law, a real property lien, including a vendor's lien, and power of sale to enforce the real property lien become void upon expiration of the limitation period, which is four years after the day the cause of action accrues.[67] A cause of action for enforcement of a lien on real property, absent an optional acceleration clause, accrues on the date of maturity.[68] According to the Deed of Trust, the Note Matured in August 2004.[69] For these reasons, First National asserts that Debtor's equitable interest in the Cullen Property terminated four years later in August 2008, well before the commencement of this bankruptcy case on April 15, 2019.  Nevertheless, even if First National has shown that the Debtor's interest in the Vendor's Lien or Deed of Trust have terminated, the Trustee's Complaint offers specific facts that are sufficient for an inference to be drawn that the Debtor had an interest in the Cullen Property.

The Trustee's Complaint alleges that the Debtor and Donald Jernigan's heirs executed a general warranty deed to DAN that purported to transfer the Cullen Property to DAN and that the Debtor received funds resulting from this transfer.[70] "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense."[71] The fact that the Debtor received funds from the transfer of the Cullen Property, and that Donald Jernigan's heirs, the only other parties who would potentially have superior rights of title to the Debtor, consented and expressly agreed to the transfer of funds to the Debtor is sufficient for an inference to be drawn that the Debtor had some interest in the Cullen Property. Additionally, the Complaint asserts that the Debtor scheduled the Cullen Property as a non-exempt asset of his bankruptcy estate and the tax records and appraisal district have listed the Debtor as the owner of the Cullen Property.[72]  Although these facts may not show specifically how the Debtor acquired an interest in the Cullen Property, specifics are not required,[73] and these facts are sufficient to plead a cause of action.

## 2.  First National's Motion to Dismiss against DAN

First National asserts that DAN's claims against First National should be dismissed pursuant to Rule 12(b)(6).[74] When DAN purchased the Cullen Property, First National issued an Owner's Policy of Title Insurance indemnifying DAN against certain title risks subject to certain exceptions (the "Title Policy").[75] DAN requested First National defend DAN against the Trustee's Claims

---

[65] *See Robinson v. Smith*, 128 S.W.2d 27, 33 (Tex. 1939); *Cadle Co. v. Collin Creek Phase II Assocs.*, 998 S.W.2d 718, 721 (Tex. App. 1999).
[66] *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 73 (Tex. App. 2005).
[67] TEX. CIV. PRAC. & REM. CODE § 16.035(d).
[68] Tex. Civ. Prac. & Rem. Code § 16.035(e); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).
[69] ECF No. 57-2.
[70] ECF No. 1 at 7.
[71] *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009).
[72] ECF No. 1 at 3, 4.
[73] *Ashcroft*, 556 U.S. at 664.
[74] ECF No. 57 at 3.
[75] *Id.* at 2.

pursuant to the Title Policy, but First National denied coverage.[76] DAN subsequently filed a third-party complaint against First National alleging that First National breached the Title Policy, and seeking a declaratory judgement that First National is obligated to defend DAN against the Trustee's Claims and Compensate DAN for any loss of title in the Cullen Property resulting from Trustee's Claims.[77]

In an insurance contract dispute, the insured has the initial burden to allege facts establishing coverage and once the insured meets that burden of showing that a claim is potentially within the scope of coverage, the burden shifts to the insurer to show that the pleading alleges facts excluded by the policy.[78] First National asserts that DAN failed to satisfy this initial burden and that the coverage claimed by DAN is excluded by the Title Policy.[79]

This is DAN's second third-party complaint against First National based on First National's alleged breach of the Title Policy.[80] This Court dismissed the first complaint without prejudice under Rule 12(b)(6) for failing to allege sufficient facts to plead a claim.[81] DAN's second complaint against First National is substantially similar to the first complaint and offers no new specific facts that support DAN's claim that the Trustee's Claims against DAN regarding the Cullen Property is covered by the Title Policy.[82] In DAN's second complaint, DAN fails to reference any specific coverage provision to support its claim.[83] Therefore, DAN has not plead sufficient facts to survive a Rule 12(b)(6) motion.

A court has discretion to grant leave to amend a complaint when "justice so requires."[84] In exercising its discretion, courts consider factors such as "repeated failures to cure deficiencies by amendments previously allowed," and "undue prejudice to the opposing party by virtue of allowance of the amendment."[85] Although DAN has been given an opportunity to amend his first complaint against First National to establish a cause of action,[86] this Court finds that First National will not suffer any undue prejudice by allowing DAN to amend its complaint against First National one more time. Dismissal without prejudice is therefore appropriate. However, if DAN fails to properly amend its complaint again, this Court will have no choice but to dismiss DAN's claim against First National with prejudice.

Accordingly, it is therefore:

**ORDERED:** that

---

[76] *Id.* at 3.

[77] *Id.*

[78] *McGonagle v. Stewart Title Guar. Co.*, 432 S.W.3d 535, 539 (Tex. App. 2014); *Comsys Info. Tech. Servs., v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 188 (Tex. App. 2003).

[79] ECF No. 57 at 13.

[80] ECF No. 25; ECF No. 47.

[81] ECF No. 46.

[82] ECF No. 25 at 10–11; ECF No. 47 at 7–8.

[83] ECF No. 47.

[84] FED. R. CIV. P. 15(a)(2).

[85] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[86] ECF No. 46.

1. "Dan Investments LLC's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Pursuant To FRCP 12 (b)(1)" filed by Dan Investments, LLC on July 12, 2024,[87] is DENIED.

2. "Dan Investments LLC's Supplemental Motion To Dismiss For Lack Of Subject Matter Jurisdiction" pursuant To FRCP 12 (b)(1) filed by Dan Investments, LLC on July 30, 2024,[88] is DENIED.

3. "Third-Party Defendant First National Title Insurance Company's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(B)(6)" filed by First National on August 19, 2024,[89] is DENIED in part and GRANTED in part as follows:

    a.  First National Title Insurance Company's Motion to Dismiss Trustee's Claims against Dan Investments, LLC is DENIED.

    b.  First National Title Insurance Company's Motion to Dismiss Dan Investments, LLC's third-party claim against First National is GRANTED without prejudice.

4. "Dan Investments LLC's Third-Party Complaint Against First National Title Insurance Company" filed by Dan Investments, LLC on June 14, 2024,[90] is dismissed without prejudice. Dan Investments LLC shall have until September 12, 2024 to file an amended complaint, if any, in accordance with this order.

SIGNED August 29, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[87] ECF No. 51.
[88] ECF No. 52.
[89] ECF No. 57.
[90] ECF No. 47.