**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BORIS TWAIN CLEWIS, | § | CASE NO. 19-32130 |
| | § | (Chapter 7) |
| *Debtor.* | § | |
| | § | |
| ALLISON D. BYMAN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adversary No. 24-3020 |
| | § | |
| | § | |
| DAN INVESTMENTS, LLC, JOSHUA | § | |
| PAYNE, and BORIS TWAIN CLEWIS, | § | |
| | § | |
| *Defendants;* | § | |
| | § | |
| DAN INVESTMENTS, LLC, | § | |
| | § | |
| *Third-Party Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FIRST NATIONAL TITLE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Third-Party Defendant.* | § | |

**THIRD-PARTY DEFENDANT FIRST NATIONAL TITLE INSURANCE COMPANY'S
MOTION TO DISMISS DAN INVESTMENTS, LLC'S THIRD PARTY COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)**

This motion seeks an order that may adversely affect you. If you oppose the motion,
you should immediately contact the moving party to resolve the dispute. If you and
the moving party cannot agree, you must file a response and send a copy to the
moving party. You must file and serve your response within 21 days of the date this
was served on you. Your response must state why the motion should not be granted.
If you do not file a timely response, the relief may be granted without further notice

to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

Third-Party Defendant First National Title Insurance Company ("First National") files this *Third-Party Defendant First National Title Insurance Company's Motion to Dismiss DAN Investment, LLC's Third-Party Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)* (the "Motion") and shows:

## SUMMARY OF THE ARGUMENT

In her Complaint ("Plaintiff's Complaint"),[1] Plaintiff Allison D. Bynam, Chapter 7 Trustee (the "Plaintiff"), alleges that (a) the bankruptcy estate of the Debtor, Defendant Boris Twain Clewis (the "Debtor"), owned certain real property located at 13100 Cullen Blvd., Houston, TX 77048 (the "Cullen Property"), and (b) the Debtor conveyed such property to Defendant/Cross-Claimant/Third-Party Plaintiff DAN Investments, LLC ("DAN"), without this Court's approval. Plaintiff seeks "to avoid the transfer of the Cullen Property [to DAN] as an improper post-petition transfer under the Bankruptcy Code and to recover for harm caused by the defendants [*e.g.,* DAN]."[2]

When DAN purchased the Cullen Property, First National issued an Owner's Policy of Title Insurance indemnifying Dan against specified title risks, subject to certain exceptions, exclusions, and conditions (the "Title Policy").[3] DAN tendered its defense against Plaintiff's claims to First National, which denied coverage (the "Denial Letter").[4] In its "live" third-party

---

[1]   Document ("Doc.") 1 on the docket of this adversary proceeding.

[2]   *Id.* at 1-2, ¶ 2.

[3]   Doc. 61-4.

[4]   Doc. 61-8.

complaint against First National ("<u>DAN's Current Complaint</u>"),[5] DAN alleges First National breached and/or anticipatorily breached the Title Policy by issuing the Denial Letter and seeks, *inter alia*, a declaratory judgment that First National is obligated to (a) defend DAN against Plaintiff's claims and (b) compensate DAN for its loss of title to the Cullen Property, in the event Plaintiff prevails on her claims.[6]

First National moved to dismiss DAN's Current Complaint against First National under Fed. R. Civ. P. 12(b)(6),[7] and the Court granted in part and denied in part that motion.[8] As a result, DAN's only remaining claim against First National is for a declaratory judgment that First National has a duty to defend DAN against Plaintiff's claims.[9] This third-party claim does not relate to Plaintiff's claims against DAN so as to confer bankruptcy jurisdiction because the outcome will neither (a) effect the administration of the Debtor's estate nor (b) alter the Debtor's rights, liabilities, options, or freedom of action. Therefore, DAN's remaining third-party claim against First National should be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

<u>**ARGUMENT AND AUTHORITIES**</u>

In *In re Walker*,[10] the Fifth Circuit discussed the scope of bankruptcy courts' jurisdiction to hear third-party claims such as DAN's. The Court stated:

> Jurisdiction for bankruptcy cases is rooted in the provisions of 28 U.S.C. § 1334…. Section 1334 provides that, with one exception, 'the district court shall have original and exclusive jurisdiction of all cases under title 11….' The exception, stated in subsection (b) of § 1334, explains that '[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not

---

[5]   Doc. 61.

[6]   *See, e.g., id.* at ¶¶12-13.

[7]   Doc. 66.

[8]   Doc. 80.

[9]   *Id.* at 6.

[10]   51 F.3d 562 (5th Cir. 1995).

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.'[11]

Citing its previous precedents, the Court further stated:

[A] matter is related for § 1334 purposes when '"the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy…."'  As we later more specifically stated, '"[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."'[12]

The Court—noting that '"a vast majority of cases find that "related to" jurisdiction is lacking in connection with third-party complaints"'[13]—held that the bankruptcy court lacked jurisdiction to hear a third-party claim for contribution asserted in an adversary proceeding because the outcome of that claim would have "no 'conceivable effect on the administration of the estate' nor would the outcome of that claim 'alter the debtor's rights, liabilities, options, or freedom of action.'"[14]

In this case, the outcome of DAN's claim for a declaratory judgment that First National has a duty to defend DAN against Plaintiff's claims would neither (a) effect the administration of the Debtor's estate nor (b) alter the Debtor's rights, liabilities, options, or freedom of action. Therefore, this Court lacks jurisdiction to hear DAN's remaining third-party claim against First National, and such claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

---

[11]   *Id.* at 568 (internal citations omitted).  *Accord In re Galaz,* 765 F.3d 426, 430 (5th Cir. 2014) (quoting *Walker*).

[12]   *Id.* at 569 (internal citations omitted).  *Accord In re Galaz,* 765 F.3d 426, 430 (5th Cir. 2014) (quoting *Walker*).

[13]   *Id.* (citations omitted).

[14]   *Id.*

<u>**CONCLUSION AND PRAYER**</u>

For the foregoing reasons, First National respectfully requests that the Court grant this Motion and enter an order dismissing DAN's remaining third-party claim against First National without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).[15]

Respectfully submitted,

**KEATING BROWN PLLC**

By:    */s/ Charles W. Settle, Jr.*   
     Jeremy T. Brown
     Texas Bar No. 24055221
     Charles W. Settle, Jr.
     Texas Bar No. 18032180
     18383 Preston Road, Ste. 300
     Dallas, Texas 75252
     Telephone: 214.390.7703
     Facsimile:  214.989.4146
     jbrown@keatingbrown.com
     csettle@keatingbrown.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT FIRST NATIONAL TITLE INSURANCE COMPANY**

---

[15] A proposed order granting the relief requested by this Motion is submitted herewith.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this 2nd day of December 2024, a true and correct copy of this motion was served via (a) ECF on parties receiving ECF in the above-referenced case and (b) first-class, U.S. Mail, postage-prepaid, on the parties listed below:

Boris Twain Clewis
2014 Rosedale Street
Houston, Texas 770044

Joshua Payne
Keller Williams Memorial
1220 Augusta, Suite 300
Houston, Texas 77057

*/s/ Charles W. Settle, Jr.*
Charles W. Settle, Jr.
